IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEMUEL LINDSEY | § | |
| v. | § | CIVIL ACTION NO. 6:15cv672 |
| S. McMURTRY, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Kemuel Lindsey, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are S. McMurtry, clinic manager at the Skyview Unit, and J. Browning, identified as a clinician at the Skyview Unit.

Lindsey was ordered to pay an initial partial filing fee of $88.00, in accordance with 28 U.S.C. §1915(b). He sought and received an extension, but did not comply with the order; instead, he filed a notice acknowledging the fee order and stating that "due to the difficulties and technicalities of the U.S. Distr. Ct. of the Eastern Distr., I Mr. Lindsey would love to have Trial for the case 6:15cv672, 6:15cv723, and case 6:15cv695 and also case 6:16cv72; if not do not forward any more orders unless you Hon. Judge M. Schneider & K. Nicole Mitchell has rendered or may I say entitled me my Settlement in Nominal Damages without prejudice."

When Lindsey did not comply with the order or show good cause for his failure to do so, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice. After this Report was issued, Lindsey wrote a letter to the Court stating that he has very little knowledge of the law and does not have help from anyone. He poses two questions, which are: (1)

1

"do you know I know what hands-off doctrine is?" and (2) "why are you rendering no justice?" He asks that the Court review his grievance in this case, which shows that the Defendants failed to render assistance for his serious medical needs.

Lindsey's letter does not mention the Report of the Magistrate Judge or the basis for the recommendation of dismissal, which is the fact that he failed to obey an order of the Court by not paying the statutory filing fee or showing good cause for his failure to do so. The letter offers no basis upon which to set aside the Magistrate Judge's Report. To the extent that this letter may be construed as objections to the Report, such objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. Fed. R. Civ. P. 41(b). It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **23** day of **August, 2016.**

_____
Ron Clark, United States District Judge